# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1877V

| | |
|---|---|
| MICHAEL MAXWELL,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: December 30, 2024 |

*Alison Haskins*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.

*Eleanor Hanson*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 21, 2021, Michael Maxwell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as defined by the Vaccine Injury Table, or, in the alternative a caused-in-fact injury, after receiving an influenza vaccine on October 26, 2018. Petition at ¶¶ 1, 21-22. On February 27, 2024, I issued a decision awarding damages following briefing by the parties. ECF No. 41.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $100,751.08 (representing $99,342.80 for fees $1,408.28 for costs). Petitioner's Motion for Attorney's Fees and Costs, filed May 15, 2024, ECF No. 51. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 51-7.

Because Petitioner's counsel changed law firms while still attorney of record in this case, it is important to note that $96,508.90 in fees and $1,396.79 in costs were incurred while Ms. Haskins was at her prior law firm: Maglio, Christopher, & Toale ("MCT"), PA ECF No. 51 at 1-2. Ms. Haskins's current law firm, Siri & Glimstad, LLC, will reimburse MCT for the fees and has already reimbursed the costs. *Id.*

Respondent reacted to the motion on May 16, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 52.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate, for the reason stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte,* apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing severity and damages to be excessive. *See* Petitioner's Motion for Findings of Fact and Conclusions of Law Regarding Entitlement to Compensation and Damages, filed Nov. 7, 2022, ECF No. 31; Petitioner's Motion for Findings of Fact and Conclusions of Law Regarding Damages, filed Sept. 21, 2023, ECF No. 39; Petitioner's Reply to Respondent's Brief on Damages, filed Oct. 30, 2023, ECF No. 43. Petitioner's counsel expended approximately 53.6 hours drafting the motion regarding entitlement and damages, 18.9 hours drafting a second motions regarding damages, and 9.8 hours drafting the reply damages brief, totaling 82.3[3] hours. ECF No. 51-3 at 18-24.

My above calculation does not include time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is being awarded in full. *See,* e.g., ECF No. 51-3 at 20-21 (entries dated 9/14/22 and 11/7/22).

It is unreasonable for counsel to spend so much time briefing the issues of entitlement and damages in this case, even considering the three instances of briefing were needed. I have identified numerous cases (which may reasonably be compared to

---

[3] These totals are calculated as follows: 54.2 hours billed on 8/11/22, 8/12/22, 8/22/22, 8/23/22, 8/24/22, 8/25/22, 8/30/22, 8/31/22, 9/8/22, 11/1/22, 11/3/22, 11/4/22, 11/5/22, 11/6/22, 11/7/22, and 12/27/22, at a rate of $460 by Alison Haskins; and 28.1 hours billed on 8/15/23, 8/16/23, 9/12/23, 9/13/23 (two entries), 9/14/23, 9/21/23, 10/23/23, 10/25/23, 10/26/23, and 10/30/23, at a rate of $492 by Alison Haskins. ECF No. 51-3 at 18-24.

time spent in this matter),[4] in which attorneys have accomplished this task in less than half the time.[5] Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 82.3 hours, or $38,757.20)** by *thirty percent*. Such an across-the-board reduction (which I am empowered to adopt)[6] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $11,627.16.**[7]

## ATTORNEY AND COSTS

Petitioner has provided supporting documentation for all claimed costs, except for the cost of some postage which I nevertheless will reimburse. ECF No. 51-5. I have reviewed these costs and find them to be reasonable. And Respondent offered no specific

---

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[5] *See,* e.g., *O'Donnell v. Sec'y of Health & Hum. Servs.*, No. 21-1508V (Nov. 22, 2024) (15.9 and 6.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Feitel v. Sec'y of Health & Hum. Servs.*, No. 21-1370V May 6, 2024) (14.7 and 6.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Hobbs v. Sec'y of Health & Hum. Servs.*, No. 21-1442V (Apr. 9, 2024) (18.0 and 4.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Poteet v. Sec'y of Health & Hum. Servs.*, No. 20-1295V (Apr. 1, 2024) (19.4 and 12.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Schwalm v. Sec'y of Health & Hum. Servs.*, No. 21-0066V (Dec. 2, 2024) (12.2 and 6.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Stanton v. Sec'y of Health & Hum. Servs.*, No. 21-0360V (Nov. 25, 2024) (15.9 and 4.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Hirsch v. Sec'y of Health & Hum. Servs.*, No. 20-1110V (Nov. 25, 2024) (16.0 and 4.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Templin v. Sec'y of Health & Hum. Servs.*, No. 21-1446V (Nov. 25, 2024) (12.0 and 0.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively) *Kleinschmidt v. Sec'y of Health & Hum. Servs.*, No. 20-0680V (Apr. 9, 2024) (13.9 and 4.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Amor v. Sec'y of Health & Hum. Servs.*, No. 20-0978V (Apr. 10, 2024) (11.9 and 2.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *McGraw v. Sec'y of Health & Hum. Servs.*, No. 21-0072V (Apr. 1, 2024) (17.4 and 9.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 6, 2024).

[6] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[7] This amount is calculated as follows: 54.2 hrs. x $460 x .30 + 28.1 hrs. x $492 x .30 = $11,627.16.

objection to the amounts sought. ECF No. 50.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$89,123.92 (representing $87,715.64 for fees and $1,408.28 in costs).**

**Per Petitioner's request, the award is to be made in a lump sum in the form of a check jointly payable to Petitioner and Petitioner's attorneys - Siri Glimstad, LLP, and mailed to 745 Fifth Avenue, Suite 500, New York, NY 10151.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

                                                    **s/Brian H. Corcoran**
                                                    Brian H. Corcoran
                                                    Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.